Turley, J.
delivered the opinion of the court.
This is an action on the case, brought to charge the defendant, Rogers, as the guarantor of the payment of bill single drawn by John H. Cain, for the sum of seven hundred and fifty dollars, due on the 25th of December, 1839.
Upon the trial in the Circuit Court, it appeared from the proof, that Cain on the 12th day of January, 1S39, executed his bill single for the sum of seven hundred and fifty dollars *539 to the defendant, John Rogers, payable on the 25th of December ensuing, which bill single, the said John Rogers afterwards to wit, on the 5th day of February, 1839, assigned to the plaintiff, A. G. Hall, by his endorsement in the words and figures following:
I assign the within note to A. G. Hall for value received of him. JOHN RODGERS.
February 5th, 1839.
The plaintiff offered in evidence the deposition of Huvy L. Goodrich, which proves in substance, that sometime in the monthof February, 1839, the plaintiff and the defendant cárne into his store, that the plaintiff stated, he had sold to the defendant, a wagon, team and negro boy, for which he was to take a note on John H. Cain, for seven hundred and fifty dollars, in part payment; that the defendant had made an assignment of the note to him, and he asked the witness to examine it and say whether it was sufficient to bind the defendant. Witness objected to the form of the assignment, because he did not think it full enough, and proposed that the endorsement should be written over again. To which the defendant replied no; that it made no difference, as he considered himself bound by his word as much as his assignment would make him, and said positively that he would pay the note himself if it could not be made out of Cain; that Cain was good, that the money could be made, but in case it could not, he the defendant, was good and would pay the note himself.
To the reading of this deposition the defendant objected, which objection was sustained by the court, and the deposition excluded from the jury.
This deposition would have well warranted the jury in finding the fact, that the defendant at the time of the transfer, guarantied the payment of the bill single, and the court therefore erred in rejecting it, unless the proof be illegal, upon the ground that a guaranty cannot be proven by parol, but must under the statute of frauds and perjuries be evidenced by a written promise or agreement.
Mr. Story in the 10th chapter of his treatise on promissory notes, sec. 457 says: <f A guaranty in its legal and commercial *540 senses, is an undertaking by one person to be answerable tor the payment of some debt, or the due performance of some contract or duty by another person, who himself remains liable to pay or perform the same. It may be the guaranty of a pri- or debt or prior contract or duty, or of a future debt, or future contract or duty; but in all cases, it must be founded upon a sufficient and valid consideration.
Three distinct classes of cases may be propounded on this subject, which require to be discriminated.
1st. Cases, in which the guaranty or promise is collateral to the principal contract, but is made at the same time, and becomes an essential ground of the credit given to the principal or direct actor. Here there is not, nor need be, any other consideration, than that moving between the creditor and original debtor.
2d. Cases, in which the collateral undertaking is subsequent to the creation of the debt, and was not the inducement to it, although the subsisting liability, is the ground of the promise, without any distinct or unconnected inducement. Here there must be some further consideration shown, having an immediate respect to such liability; for the consideration of the original debt will not attach to this subsequent promise.
3d. A third class of cases is, when the promise to pay the debt of another arises out of some new and original undertaking of benefit or harm moving between the newly contracting parties. The two first classes of cases are within the statute of frauds; but the last is not. Leonard vs. Vredenburgh, 8th John. R. 29, 30; 3 Kent Com. Lick. 44, p. 122, 123; Manrow vs. Durham 3 Hill, N. Y. R. 484; Hough vs. Gray, 19 Wend. R. 588; D’Woolf vs. Kaband, 1 Pet. Sup. C. Rep. 476, 499, 501.
Now, under which of these classes does the present case fall? Most clearly under the last.
The first class is when the guarantor becomes liable at the time the contract is made, that is, promises, or agrees, to be responsible for performance of the contract; this is a collateral undertaking to pay the debt of another, and must under the statute of frauds be in writing.
The second class is, when the guarantor was no party to the- *541 original contract, but subsequently to its creation, for some new consideration, promises or agrees to be responsible for its performance, as when, in consideration of the assumption of such responsibility by the guarantor, the holder of a bill single or promissory note agrees to extend the time of payment thereof to the payer.
This is also a collateral undertaking to pay the debt of another, and must under the statute of frauds be in writing.
The third class is, when the guarantor becomes responsible, by some new and original undertaking between himself as endorser and the endorsee, new contracting parties, and which is is collateral to the original contract, — as when the payee of a bill single or promissory note endorses it fora valuable consideration and guaranties the payment thereof to the endorser; — this guaranty is not a collateral undertaking to pay the debt of another, but a direct and immediate promise, supported by a good consideration, and therefore not within the statute of frauds and perjuries, and may be proven by parol. Such is this case.
The same author in the same work, chap. 10, sec. 460, says; “In the case of an endorsement, the endorser contracts to be liable to pay the note, in case of its dishonor, if it is duly presented for payment at its maturity, and due notice is given to him of the dishonor, and not otherwise. In the case of a guaranty, the rule is not equally strict; and the guarantor^ontracts, that, upon the dishonor of the note, he will pay the amount, upon a presentment being made to the maker, and a notice given to him of the dishonor within a reasonable time: and this reasonable time is ordinarily measured by the fact, whether, by the omission of due presentment at the maturity of the note, and to give him due notice of the dishonor, he, the guarantor, has sustained any injury. If he has,#then he is exonerated, pro tanto; if be has not, then he is liable for the whole note.
Reverse the judgment of the Circuit Court, and remand the cause for a new trial.